UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 21-06003-DOC-KES               Date: September 8, 2021

Title: PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED V. ERIC MICHAEL GARCETTI ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **DENYING PRELIMINARY INJUNCTION [15]**

Before the Court is a Motion for Preliminary Injunction ("Motion" or "Mot.") brought by Plaintiffs People of City of Los Angeles Who Are Un-Housed, a putative class represented by C. Finley ("Plaintiff") (Dkt. 15). Plaintiff sues 26 elected officials, employees, and commissioners of the City of Los Angeles ("City") in their official and individual capacities ("Defendants"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **DENIES** Plaintiff's Motion.

**I.**     **Background**

     **a. Facts**

City of Los Angeles ordinance § 80.69.4, "Parking of Oversize Vehicles" ("Ordinance"), prohibits parking RVs, campers, trailers, or similar vehicles that are more than seven feet in height or twenty-two feet in length between the hours of 2:00 a.m. and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 21-06003-DOC-KES                                          Date: September 8, 2021

Page 2

6:00 a.m. on various public streets, on penalty of being fined, towed, or impounded. Mot. at 3.

Plaintiff asserts that Defendants' placement and enforcement of signs prohibiting parking under the Ordinance is unconstitutional under the Fourteenth and Eighth Amendments. *Id*. at 1. According to Plaintiff, the "signs provided for by the ordinance very obviously and unabashedly target the poor, un-housed population who live in these vehicles, by preventing them from staying overnight in the posted areas, or from sleeping in their vehicles between the hours of 2:00 a.m. and 6:00 a.m." *Id*. at 5-6. Plaintiff further contends that the signs "prevent [un-housed and poor people] from having access to public amenities, such as showers in which to bathe and public toilets." *Id*. at 6. Therefore, Plaintiff asks the Court to enjoin Defendants' placement and enforcement of these signs as unconstitutional. *Id*. at 1.

In Defendants' opposition to the Motion ("Opposition" or "Opp'n") (Dkt. 16), Defendants assert that "due to COVID-19 and the homeless crisis, there is a Citywide moratorium on enforcing posted no-parking areas if the parked vehicle is used as a dwelling." Opp'n. at 2. Parking enforcement and impounds resumed in October 2020. *See* Opp'n, Ex. C (City of Los Angeles, Council Motion, Council File 20-0147-S7 (Sept. 30, 2020)). The City issued a Directive further explaining that the exclusion prevents towing any vehicle "when it reasonably appears, in light of all circumstances, that a person is using a vehicle as a place of residence or accommodation." Opp'n, Ex. D (City of Los Angeles, *Inter-Departmental Memorandum: Vehicles Used as Dwellings - Impound Directive*, Council File 20-0147-S7 (Dec. 8, 2020)) ("Directive").

### b. Procedural History

Plaintiff filed the instant Motion for Preliminary Injunction on August 16, 2021 (Dkt. 15). On August 23, 2021, Defendants filed an Opposition (Dkt. 16), and on August 28, 2021, Plaintiff submitted a Reply (Dkt. 18).

## II. Legal Standard

A federal court does not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "A claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 21-06003-DOC-KES                                   Date: September 8, 2021

Page 3

*U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009) (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)).

### III.   Discussion

The City's decision to impose a moratorium on enforcing the Ordinance renders moot Plaintiff's request for a preliminary injunction. As the Ninth Circuit has observed, an action is "moot when a challenged statute or regulation is repealed, expires, or is amended to remove the challenged language." *Renee v. Duncan*, 686 F.3d 1002, 1016 (9th Cir. 2012) (internal quotation marks omitted); *cf. Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 901 (9th Cir. 2007) ("A statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed."). Although the City resumed enforcement of the majority of the moratorium in October 2020, the City has barred enforcement of the Ordinance against any RV or similarly sized vehicle that appears to be a dwelling. *See* Directive. As a consequence, there is currently no enforcement possible against Plaintiff or any putative class members, all of whom dwell in their RVs, campers, trailers, and similarly sized vehicles. *See* Decl. at 2. The Motion for Preliminary Injunction is therefore moot given the lack of enforcement or penalties for parking such vehicles overnight.

### IV.   Disposition

The Court therefore DENIES as moot Plaintiff's Motion for Preliminary Injunction so long as the moratorium on the Ordinance remains in effect.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk: kdu

CIVIL-GEN