STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

JOSEPH REICHMANN (SBN 29324)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Presented on behalf of Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY, *etc.*, <br><br> Plaintiff, <br><br> v. <br><br> ERIC MICHAEL GARCETTI, *et al.*, <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) <br><br> **PLAINTIFFS' MOTION TO IMPOSE SANCTIONS ON DEFENSE COUNSEL FOR FILING MOTION TO STRIKE (DOC. 80)** <br><br> December 27, 2021 <br> 8:30 a.m. <br> Courtroom 9D <br><br> Judge David O. Carter |

**PLEASE TAKE NOTICE** that plaintiffs move the court to impose sanctions on defense counsel for filing a frivolous Rule 12(f) motion, and that oral argument will be heard as set forth above, if defense counsel do not withdraw that motion, Doc. 80, within the safe-harbor period of Fed. R. Civ. P. Rule 11. The motion is based on the following memorandum of points and authorities. The L.R. 7-3 meeting was held on November 4, 2021.

YAGMAN + REICHMANN, LLP

By: *Stephen Yagman*
STEPHEN YAGMAN

# **TABLE OF CONTENTS**

The matters that are sanctionable...................................................................2

Rule 11 sanctions............................................................................................3

Section 1927 and inherent powers sanctions are warranted.........................6

Local Rule 83-7 sanctions are warranted.....................................................7

Sanctions should be awarded.........................................................................8

The misconduct.............................................................................................11

Certificate of service....................................................................................15

## Cases

*Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982)........................... 7, 9

*Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp. 2, 2, 7 (D.D.C. 2004).......... 12

*DCD v. Leighton*, 846 F.2d 526 (9th Cir. 1988)............................................... 5

*Derechin v. New York*, 963 F.2d 513 (2d Cir. 1992) ........................................... 8, 11

*Edwards v. General Motors Corp .*, 153 F.3d 242, 246 (5th Cir.1998) ................... 6

*Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)............................. 7, 10

*Fink v. Gomez*, 239 F.2d 989, 991, 993 (9th Cir. 2001) ..................................... 7, 10

*Gomez v. Vernon*, 255 F.3d 1118, 1134-35 (9th Cir. 2001) ................................. 7, 10

*Hart v. Baca*, 2005 WL 1168422 * 2 (C.D. Cal. 2005)............................................ 5

*In re Curl*, 803 F.2d 1004, 1007 (9th Cir. 1986) .............................................. 5

*Larez v. City of Los Angeles*, 946 F.2d 630, 647 (9th Cir. 1991) .............................. 2

*Mattingly v. United States*, 939 F.2d 816, 818 (9th Cir. 1991) ............................ 9

*Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) 7, 9, 11

*Salstrom v. Citicorp Credit Servs., Inc.*, 74 F.3d 183, 184-85 (9th Cir. 1996) ........ 6

*Smith v. City of Detroit*, 829 F.2d 1370, 1380 (6th Cir. 1987).............................. 5

*United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370-71 (9th Cir. 1980) ................................................................................... 11

*Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005) .......................................... 9

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986) ....................... 6

## Statutes & Rules

28 U.S.C. § 1927..............................................................................*passim*

Rule 11, Fed. R. Civ. P..........................................................................*passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

By this motion, sanctions are sought against defense counsel,                    .

Any and every sanctions analysis begins with the following premise:

> No one expects to transform all lawsuits into friendly efforts resulting in mutual agreement. . . .  However, at a minimum, the legal community is entitled to expect an opposing attorney to be honest . . . .
>
> ***
>
> Judges and lawyers should speak out more about the unsatisfactory results of unprofessional conduct, and more thought should be given to methods which will ensure a proper penalty for misbehavior. For those lawyers who are contemplating this unprofessional method of doing business, the undesirable consequences should be explained. At the same time, for those who choose this manner of doing business, we should make it bad business.

Thomas M. Reavley[1], *Rambo Litigators: Pitting Aggressive Tactics Against Legal Ethics*, 17 Pepp.L.Rev. Iss. 3 (1990), 642 & 48.

The first and most important matter to be considered with respect to sanctions is whether, or not, the person against whom sanctions are sought to be imposed has been completely honest. If she or he has not been, then everything else is based on that.

## THE MATTERS THAT ARE SANCTIONABLE

The court stated in *Larez v. City of Los Angeles,* 946 F.2d 630, 647 (9th Cir. 1991), that,

> [d]efendants have raised scores of instances of alleged misconduct, suggesting that, in the end, the totality of the circumstances warrants reversal of the denial of the motion for new trial[] [and b]ecause they allege so many grounds, they appear to have neither the energy nor the space to describe each in their opening brief[,]

counseling that, when misconduct is alleged, it each specific instance of misconduct should be set forth, so that is done here.

---

[1] The author was a Senior Judge of the U.S. Court of Appeals for the Fifth Circuit, who passed in December 2020.

# RULE 11 SANCTIONS

Sanctions pursuant to Rule 11, F.R. Civ. P., are judged by the Rule:

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

**(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions.**

**(1)** ***In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

**2)** ***Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense,

contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

. . .

**(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Thus, the basic test under Rule 11 is that in all papers presented to "the court, "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law [and that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[,]" when this test is failed then "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation[,]" and "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." When a sanction is imposed, it "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and if "warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

Of course, effective deterrence is warranted, to prevent repeated bad conduct.

4

1   Superimposed on Rule 11 is the principle set forth by this court when it

2   found that counsel engaged in conduct that warranted imposition of Rule 11

3   sanctions:

4

5   [n]egligence in citing authority to the Court is no virtue, however, [and]
    additional material transgressions will establish a pattern justifying
6   sanctions.

7   *Hart v. Baca,* 2005 WL 1168422 * 2 (C.D. Cal. 2005) (Judge Dean D. Pregerson).

8   *See also Green v. Baca*, 225 F.R.D. 612 (C.D. Cal. 2005).

9

10  Sanctions also may be sought pursuant to 28 U.S.C. § 1927:

11  Any attorney or other person admitted to conduct cases in any court of the
    United States or any Territory thereof who so multiplies the proceedings in
12  any case unreasonably and vexatiously may be required by the court to
    satisfy personally the excess costs, expenses, and attorneys' fees reasonably
13  incurred because of such conduct.

14

15  Sanctions also may be sought pursuant to the court's inherent powers:

16  Defense counsel's conduct and statements constitute wrongful conduct, in

17  violation of both Rule 11 (and § 1927). "[C]ounsel's professional duty requires

18  scrupulous accuracy in referring to the record . . . . Lack of diligence which impairs

19  the deliberations of the court is sufficient [to impose discipline]." *DCD v.*

20  *Leighton*, 846 F.2d 526 (9th Cir. 1988). "Where the signing attorney has

21  misrepresented the record the court 'shall impose' 'an appropriate sanction upon

22  the attorney. The imposition of sanctions is mandatory." *In re Curl*, 803 F.2d 1004,

23  1007 (9th Cir. 1986)(emphasis added); *see also, Smith v. City of Detroit,* 829 F.2d

24  1370, 1380 (6th Cir. 1987)("[O]nce a violation of the rule is found, the district

25  court must impose some sanction against the offending attorney . . . ." (emphasis

26  added)). The "shall" and "must" no longer are the law in light of the 1993

27  amendments to Rule 11, and now an award of sanctions under Rule 11 is governed

28  by the word "may," and hence is permissive.

5

A district court may impose sanctions under both Rule 11 and 28 U.S.C. § 1927, and the court's findings under Rule 11 have no legally binding effect upon that court's ability to impose sanctions under section 1927. *See Salstrom v. Citicorp Credit Servs., Inc.,* 74 F.3d 183, 184-85 (9th Cir. 1996); *see also Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986)(holding that Rule 11 "does not repeal or modify existing authority of federal courts to deal with abuses of counsel under 28 U.S.C. § 1927"), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399, 405 (1990).

## SECTION 1927 AND INHERENT POWERS SANCTIONS ARE WARRANTED.

Section 1927 sanctions must be predicated on actions that are both "unreasonable" and "vexatious," *Edwards v. General Motors Corp .,* 153 F.3d 242, 246 (5th Cir.1998), and § 1927 sanctions require a showing of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Ibid.* Here, the repetitive bad conduct, *see Hart, Green,* and the multiple violations set forth in this motion *there* shows unreasonableness and vexatiousness.

These proceedings unreasonably and vexatiously have been multiplied by the violation of Rule 11, by the improper citation of a treatise and a case.

There is *both* "unreasonableness" *and* "vexatiousness" sufficient to warrant the imposition of section 1927 sanctions. *Hart*, 2005 WL 1168422 at * 2. And, there is a showing of "bad faith, improper motive, or reckless disregard of the duty owed to the court," *ibid.*, such as to negate any contention of mere negligence. *Ibid.*

Section 1927 authorizes the imposition of sanctions upon any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Unreasonable and vexatious conduct satisfies section 1927. Specific factual findings are required to support sanctioning this conduct, and district courts

6

are required to develop detailed factual findings regarding unreasonableness, vexatiousness, and bad faith to sustain a § 1927 sanction. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997); *see also Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982) (remanding to district court to either withdraw the personal sanctions or enter specific findings of fact whether defense counsel acted in bad faith). Conduct rising to the level of maliciousness, vexatiousness, or bad faith warrants section 1927 sanctions. *See Gomez v. Vernon*, 255 F.3d 1118, 1134-35 (9th Cir. 2001). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).

"[R]ecklessness suffices for § 1927 [sanctions] . . . ." *Fink v. Gomez*, 239 F.2d 989, 993 (9th Cir. 2001). "[B]ad faith is required for sanctions under the court's inherent power[,] . . . [and i]t is well settled . . . that the district court may, in its informed discretion, rely on inherent powers rather than the federal rules or § 1927." *Id.* at 994. Here, sanctions are requested under Rule 11, section 1927, and the court's inherent powers, because there were willful omissions and misrepresentations, recklessness, and bad faith, so as to satisfy inherent powers sanctions.

## LOCAL RULE 83-7 SANCTIONS ARE WARRANTED.

Local Rule 83-7 provides that

The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:

(a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;

(b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or

(c) for any of the conduct specified in (a) or (b) above, such other sanctions

7

as the Court may deem appropriate under the circumstances.

Thus, conduct that is willful, grossly negligent, reckless, in bad faith, and/or in willful disobedience of a court order is sanctionable under Rule 83-7.

## SANCTIONS SHOULD BE AWARDED.

The sanctions should be imposed personally on defense counsel for the specified transgressions, and without reimbursement from government funds or other funds. Otherwise, the sanctions would have no deterrent effect.

The reason government counsel, government contract counsel, and insurance defense counsel, as in *Green v. Baca*, have no compunction or fear to engage in the sort of misconduct alleged is that virtually always no bad consequences ever befall them ***personally***, because their governmental entity employer, *etc.*, always picks up the tab. Any occasional punishment for bad conduct becomes simply a cost of doing business and most plaintiffs' attorneys have neither the time nor the energy to catalogue defense misconduct or to cite it to the court. *See Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) (so much misconduct was alleged that counsel didn't have the energy to list all of it).

Sanctions must be imposed personally on government contract counsel, *etc.*, and without reimbursement, and then such counsel possibly would be deterred from cavalierly engaging in misconduct. *See e.g. Derechin v. New York*, 963 F.2d 513 (2d Cir. 1992)(it is proper to impose sanctions personally on government counsel; "the public policy of many states prohibits insurance for punitive damages, even though the proscription increases the risk that some claimants will not recover the full amount of their punitive damage award. [Citation omitted.] This reasoning is persuasive in the instant case. The availability of insurance for Rule 11 sanctions . . . would weaken the deterrent effect of the sanction by allowing the sanctioned attorney to shift the burden of the sanction. Deterrence would be undermined if district courts could not impose Rule 11 sanctions without

8

the possibility of indemnity -- whether from a client, an employer, or an insurer. We therefore hold that a district court may, within its sound discretion, impose Rule 11 sanctions on an attorney without the possibility of reimbursement from any source, including insurance and employer indemnification. *** [Government counsel] argues only that a prohibition against indemnification for a state-employed lawyer should be reserved for egregious misconduct. We disagree."). *See also Mattingly v. United States*, 939 F.2d 816, 818 (9th Cir. 1991)(federal government subject to litigation sanctions, both under Rules 11 and 37, F.R. Civ. P.).

And, as the Ninth Circuit has held, "we require courts levying sanctions [against an individual attorney] to assess [the] attorney's individual conduct." *Primus*, 115 F.3d at 650.

As the Ninth Circuit recently held, "[a] lawyer must be zealous on behalf of his client. But zeal needs to be tempered by commonsense." *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005) (government lawyer took absurd position in arguing for qualified immunity for her client in civil rights action). Here, defense counsel took a wholly unsupported position, a position that was contrary to the law set forth in cases they cited, and miscited cases.

Section 1927 authorizes the imposition of sanctions upon any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Unreasonable and vexatious conduct satisfies section 1927. Specific factual findings are required to support this conduct and district courts are required to develop detailed factual findings regarding unreasonableness, vexatiousness, and bad faith to sustain a section 1927 sanction. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997); *see also Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982) (remanding to district court to either withdraw the personal sanctions or enter specific findings of fact whether defense counsel

acted in bad faith). Conduct rising to the level of maliciousness, vexatiousness, or bad faith warrants section 1927 sanctions. *See Gomez v. Vernon*, 255 F.3d 1118, 1134-35 (9th Cir. 2001). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Such is the case here.

The sanctions should not be borne by the taxpayers or insurance company and should be borne personally by defense counsel. (When judges of this court have sanctioned plaintiffs' § 1983 counsel, the sanction always has been imposed on counsel personally and borne personally by counsel, and basic fairness requires that the same should be the case for government contract counsel.) Sanctions must be imposed personally on government contract counsel without reimbursement because only then would government contract counsel, *etc.*, possibly be deterred from again cavalierly engaging in misconduct. As the court held in *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001), "[t]he *Roadway* Court also noted that a court 'certainly may assess [sanctions] against counsel who willfully abuse judicial processes[,]'" (brackets in original), and "the Court left no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Id.* at 992 (citations omitted). The court also held that "'bad faith' [is used] as a shorthand term to encompass a broad range of conduct in observing that a party may 'show[] bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Ibid.* (citation omitted).

"[W]here a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Ibid.* (citation omitted). Such is the case here.

Indeed, "*Itel* teaches that sanctions are justified when a party acts *for an improper purpose* -- even if the act consists of making a truthful statement or a non-frivolous argument or objection." *Ibid.* This is so because "bad faith" may be found not only in the claims asserted, but also in the ***conduct*** of the litigation. *See e.g. Fink, supra*, 239 F.3d at 992 (plaintiffs' civil rights attorneys sanctioned for improper attempt to influence or manipulate the proceedings to gain a tactical advantage). *See e.g. Derechin, supra,* (it is proper to impose sanctions ***personally*** on government counsel) ; *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370-71 (9th Cir. 1980)(sanctions imposed on government attorney for repeated noncompliance with court orders).

As the Ninth Circuit in *Primus, supra*: "we require courts levying sanctions [against an individual attorney] to assess [the] attorney's individual conduct." 115 F.3d at 650. Here, it was defense counsel and only defense counsel, and not defendants or taxpayers who engaged in misconduct, so that only defense counsel should be sanctioned and should bear the costs of the sanctions.

## THE MISCONDUCT

Defense counsel engaged in misconduct by filing a Rule 12(f) motion, because there was no factual basis and no legal basis for that motion, as follows:

The motion wholly ignores the controlling provision of Fed. R. Civ. P. Rule 15(a)(1)(A), even though it was cited to them in Doc. 72, at 8:26, attached hereto, that a complaint may be amended *as a matter of right* within 21 days *after* it and the summons and complaint were *served, see id.*, and that the complaint pertaining to the *Lockett* action, 2:21-cv-07596-DOC(KESx), was served on Oct. 14 & 15, so that it properly could be amended on Oct. 24, within 21 days of service. Thus, there is no factual predicate for the motion and there is no legal basis for the motion. Hence, it is frivolously made.

11

Defense counsel, Emerson H. Kim, miscites an un-authoritative treatise for a non-existent principle that is nonsense *ipse dixit*, which reads into Fed. R. Civ. P. Rule 12(f) something that just is not there, and is based on a case that doesn't state the un-quoted proposition for which it is cited. The treatise reads into Rule 12(f) something it admits the Rule "does not specifically . . . state," Mot. at 1:28, and thus is nonsense. It cites a case for authority that does not exist in that case.

What the case cited for authority, *Canady v. Erbe Elektromedizin GmbH,* 307 F.Supp. 2, 2, 7 (D.D.C. 2004), actually, and *only*, states, is this:

> The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664–65 (7th Cir.1992) (citing *Alvarado–Morales v. Digital Equip. Corp.,* 843 F.2d 613, 618 (1st Cir.1988)). Courts generally disfavor motions to strike, however, because they propose a drastic remedy. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.,* 647 F.2d 200, 201 (D.C.Cir.1981) (citing 5C FED. PRAC. & PROC.2d § 1380 at 783); *Morse v. Weingarten,* 777 F.Supp. 312, 319 (S.D.N.Y.1991); *\*8 Mirshak v. Joyce,* 652 F.Supp. 359, 370 (N.D.Ill.1987); *Schramm v. Krischell,* 84 F.R.D. 294, 299 (D.Conn.1979).

In no wise does this case support the proposition which the cited treatise and defendants use it for, to wit: "'Although Rule 12(f) does not specifically so state, an answer (or other pleading) filed beyond the time permitted by the FRCP may be "stricken" as untimely if the pleader failed to obtain from the court an extension of time or leave to late-file the pleading." (Citing Hon. Virginia A. Phillips & Hon. Karen L. Stevenson, Rutter Group Practice Guide, Federal Rules of Civil Procedure Before Trial, California & Ninth Circuit Edition, Ch. 9-G, ¶ 9:374.1 (2021) (citing *Canady*).

First, the treatise's statement is two of this court's judicial officers' adding onto Rule 12(f) something that is not in that Rule.

Second, the premise on which it is based here has both no factual predicate and no legal basis, since it was the *service of the summons and complaint* that

12

triggered the time within which to file the FAC (as to plaintiff Lockett's claims, which are different than plaintiff Finley's claims[2]), and, in any event, Rule 12(f) permits striking only of material that is "redundant, immaterial, impertinent, or scandalous," language and defendants never mention what that language happens to be, because it would be inconvenient for them to do so. Nothing supports defendants' attempt to use Rule 12(f) to strike material that is "untimely." The Rule just doesn't say that, and for Judge Phillips and Magistrate Judge Stevenson to say that the Rule says that, based on a case that doesn't even say that, is frivolous for them to have done, and now they've got lawyers who should know better using what they incorrectly stated as authority: yes, judges can say frivolous things, but other judges never should rely on those frivolous things, even when other judges of the same court say those frivolous things.

In any event, a treatise is not authority for anything at all, save and except for when what it states is backed up by case law, here not even binding precedent, but from an out-of-circuit 17-year-old district court case. Law is based on law, not on treatises.

It would appear that the instant motion was made in clear violation of 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

//

//

---

[2] It cannot be the case that this court intended by its consolidation of the three cases to cut off or limit in any way any of the three plaintiffs' procedural or substantive rights, here plaintiff Lockett's right to amend, within 21 days of service of her summons and complaint. Yet, defense counsel Kim chooses to ignore this inconvenient fact.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

14

1

## CERTIFICATE OF SERVICE

2       On Nov. 4, 2021, I served, but did not file, the foregoing sanctions motion
3  on defense counsel via USPS, by placing it in the mail at Los Angeles, California,
   addressed as follows:

4

5  Emerson Kim
   200 N. Main St., 6th Fl.
6  L.A., CA 90012

7

                        By:  /s/  Stephen Yagman
8                       STEPHEN YAGMAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15