**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**
**\*\*AMENDED 07/18/2022\*\***

Case No. LA CV 21-06003-DOC-KES                              Date: July 18, 2022

Title: PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED V. ERIC MICHAEL GARCETTI ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):     ORDER DENYING MOTION FOR ATTORNEYS' FEES [249]**

Before the Court is a Motion for Attorneys' Fees ("Motion" or "Mot.") brought by Plaintiff People of City of Los Angeles Who Are Un-Housed ("Plaintiff") (Dkt. 249). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **DENIES** Plaintiffs' Motion and **VACATES** the hearing scheduled for July 18, 2022.

Plaintiffs seek attorneys' fees under 42 U.S.C. § 1988, but they are not a "prevailing party" for purposes of the statute. "A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (internal quotation marks and citation omitted). "[A] material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. LA CV 21-06003-DOC-KES                                   Date: July 18, 2022

Page 2

      Here, Plaintiffs have not prevailed: they have not obtained a judgment, consent decree, or settlement against City Defendants. In fact, the Court denied one of Plaintiffs' Applications for a Temporary Restraining Order (Dkt. 245). Although Plaintiffs argue for "catalytic fees," the Supreme Court has rejected the catalyst theory as a basis for fees. *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 600, 605 (2001) ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.").

      Accordingly, the Court **DENIES** Plaintiffs' Motion and **VACATES** the hearing scheduled for July 18, 2022.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                   Initials of Deputy Clerk: kdu

CIVIL-GEN