STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| **PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY**, *etc*., <br><br> Plaintiff, <br><br> v. <br><br> **ERIC MICHAEL GARCETTI**, *et al*., <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) <br><br> **PLAINTIFFS' ADDITIONAL REPLY ON PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR ORDER RECONSIDERING MINUTE ORDER DENYING DAMAGES CLASS CERTIFICATION BY (1) NAMING PLAINTIFF FINLEY AS A CLASS REPRESENTATIVE, AND (2) REVERSING RULING THAT A DAMAGES MODEL IS REQUIRED FOR A DAMAGES CLASS CERTIFICATION** <br><br> Judge David O. Carter |

[T]he instant class action falls precisely within the ambit of Rule 23(b)(3). While the text of Rule 23(b)(3) does not exclude from certification cases in which individual damages run high, the Advisory Committee had dominantly in mind vindication of "the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." Kaplan, Prefatory Note 497. As concisely recalled in a recent Seventh Circuit opinion: "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the

1 | relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 ([7th Cir.] 1997).

*See Amchem Products Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (Emphasis added.).

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**