STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY, *etc*., <br><br> Plaintiff, <br><br> v. <br><br> **ERIC MICHAEL GARCETTI**, *et al*., <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMO RE: DISCOVERY CUTOFF DATE FOR PLAINTIFFS TO DEPOSE DEFENDANT BASS** <br><br><br> Mag. Judge Karen E. Stevenson |

Pursuant to the court's Aug. 13 order, plaintiffs submit the following memorandum regarding the discovery cutoff date.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

The response to the Court's question, "is October 31, 2024[] the discovery cutoff date for plaintiffs' taking their depositions?", is "No." It is Aug. 30. This is supported by the following.

Here, is the totality of what plaintiffs stated in their reply on their motion to consolidate *Finley v. Bass* with the instant action:

"[I]n fairness to **_defendants_**, the scheduling order should be modified, **_so that defendants_** in the new action **_can take discovery as to the facts alleged in it_**. (It is worth noting that in the three years the instant action has been pending, defendants have not taken any discovery.)" Doc. 346, 2-3.

"Plaintiff does not object to modifying the scheduling order in this **_one respect_**: continuing the discovery cutoff from the end of August 2024 to the end of October 2024, with respect to the underlying incident in No. 3894, **_which will give defendants plenty of time within which to discovery_** [*sic*] whatever they wish to with respect to the discrete incident in No. 3894 only, alleged in averment 37 of its complaint . . . ." Doc. 346, 2:n.1, 21-28 (emphasis added).

Defendants sought additional time within which to take discovery, and Judge Carter, with plaintiffs' support and consent, did just that, and nothing more.

The court granted consolidation on May 30, 2024, Doc. 350, yet defendants haven't taken any discovery at all, for nearly three months, and now it would appear that defendants' prior request to vacate the scheduling order (as well as to consolidate yet another matter, the 8010 action, which was denied), Doc. 345, simply was a ploy to attempt to delay and to obstruct the progress of this matter, which Judge Carter declined to do.

**_Defendants_** sought until Oct. 31 to take discovery as to claims only in the 3894 action, plaintiffs did not, plaintiffs, "in fairness," acquiesced in **_that_**, no party ever believed that the discovery cutoff date for **_plaintiffs_** to take discovery had

2

1  been extended beyond Aug. 30, so that the discovery cutoff date for plaintiffs to
2  depose defendant Bass always was, and is, Aug. 30. Judge Carter's additional
3  comment also supports this: "the Court is unwilling to further delay the resolution
4  of this case by vacating the scheduling order and trial date . . . ." Doc. 350 at 2:¶2.

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By:  /s/  Stephen Yagman
**STEPHEN YAGMAN**