1

STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)

2

YAGMAN + REICHMANN, LLP

3

333 Washington Boulevard
Venice Beach, California 90292-5152

4

(310)452-3200

5

Presented on behalf of Plaintiffs

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

**WESTERN DIVISION**

12

| **PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY**, *etc*., | 2:21-cv-06003-DOC(KESx) |
|---|---|
| | **PLAINTIFFS' RULE 28(j) ANALOG/SUBMISSION IN SUPPORT OF CLASS CERTIFICATION MOTION** |
| Plaintiff, | |
| v. | Courtroom 10A |
| **ERIC MICHAEL GARCETTI**, *et al*., | |
| Defendants. | Judge David O. Carter |

13

14

15

16

17

18

19

    By analogy to Fed. R. App. Rule 28(j), plaintiffs cite to the court *Lytle v.*

20

*Nutramax Laboratories, Inc.*, 2024 WL 3915361 (9th Cir. Aug. 23, 2024), *as*

21

*amended*, for the proposition that no damages model is required in order for a

22

class to be certified.

23

    In *Lytle*, the explained what plaintiffs who seek class certification must do,

24

in order "[t]o establish damages on a classwide basis . . . ."  *Id*. at *4. It further

25

explained that:

26

> "[a] plaintiff is not required to actually execute a proposed conjoint analysis
> [a type of damages model] to show that damages are *capable* of
> determination on a class-wide basis." [No citation provided for quote.]

27

28

1

. . .

"A court . . . is merely to decide [whether a class action is[ a suitable method of adjudicating a case." [Citation omitted.] . . . "In determining whether the 'common question' prerequisite is met, a district court is limited to resolving whether the evidence establishes that a common question is *capable* of class-wide resolution, not whether the evidence in fact establishes that plaintiffs would win at trial." [Citation omitted.]

. . .

[All that a plaintiff need do is] "establish[] that damages are *capable* of measurement on a classwide basis." [Citation omitted.]

. . .

Nutramax's argument rests upon a misapprehension of the temporal focus of the class certification inquiry. As explained below, class action plaintiffs are not required to actually prove their case through common proof at the class certification stage. Rather, plaintiffs must show that they will be able to prove their case through common proof *at trial.* Given, moreover, that the Federal Rules contemplate that certification will be made "[a]t an early practicable time," FRCP 23(c)(1)(A), we see no reason why plaintiffs may not, in appropriate circumstances, satisfy this burden through a proffer of a reliable method of obtaining evidence that will come into existence once a damages model is executed, even when the results are not yet available at the class certification stage. We thus hold that class action plaintiffs may rely on an unexecuted damages model to demonstrate that damages are susceptible to common proof so long as the district court finds, by a preponderance of the evidence, that the model will be able to reliably calculate damages in a manner common to the class at trial.

. . .

Nor is there a requirement that class action plaintiffs actually prove that classwide damages exist in order to obtain class certification. Rather, we have repeatedly found class treatment to be appropriate, in analogous contexts, based upon a showing that damages *could* be calculated on a classwide basis, even where such calculations have not yet been performed. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1121 (9th Cir. 2017) ("At this stage, Plaintiffs need only show that such damages can be determined without excessive difficulty and attributed to their theory of liability, and have proposed as much here."); *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1182 (9th Cir. 2017) ("Uncertainty regarding class members' damages does not prevent certification of a class as long as a valid method has been proposed for calculating those damages."), *rev'd and*

*remanded on other grounds*, 586 U.S. 188, 139 S. Ct. 710, 203 L.Ed.2d 43 (2019); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) (finding evidence "that damages could feasibly and efficiently be calculated once the common liability questions are adjudicated" was sufficient to satisfy predominance). For example, in *Lambert v. Nutraceutical Corp.*, we reversed a district court's denial of class certification and concluded the plaintiffs had satisfied the predominance requirement by proposing a valid damages model, even where the plaintiffs did not yet have all of the data necessary to perform their damages calculations. 870 F.3d at 1183–84. We explained that the "precise [data] is unnecessary for class certification" because "the question is only whether [plaintiff] has presented a workable method." *Id.* at 1184.

Requiring that class action plaintiffs actually prove classwide injury at this stage would improperly conflate the class certification inquiry with the merits.

*Id.* at *4- *7 (all emphases in original).

Thus, at the certification stage, a plaintiff who seeks class certification need not submit a damages model.

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

3