# EXHIBIT 1

1  STEPHEN YAGMAN (SBN 69737)
   filing@yagmanlaw.net\
2  (for court filings only)
   YAGMAN + REICHMANN, LLP
3  333 Washington Boulevard
   Venice Beach, California 90292-5152
4  (310)452-3200

5  Presented on behalf of Plaintiffs

**RECEIVED**

OCT 0 1 2024

BUSINESS AND COMPLEX LIT
CITY ATTORNEY'S OFFICE

6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11               **WESTERN DIVISION**

| | |
|---|---|
| **PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY,** *etc.*, <br><br> Plaintiff, <br><br> v. <br><br> **ERIC MICHAEL GARCETTI**, *et al.*, <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) <br><br> **PLAINTIFF JACOBS' OBJECTIONS TO DEFENDANTS' INTERROGATORIES** |

19        1. Identify by type, amount, and category all damages YOU seek for the

20  claims alleged in the COMPLAINT.

21  OBJECTION, GENERAL:

22        Propounders are without any standing or capacity to propound

23  interrogatories

24  OBJECTIONS:

25        1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that

26  "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of

27  service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof

28  of service . . . must be made by declaration of the person accomplishing the

service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every fact or application of law to fact. Pursuant to Rule 26, because the interrogatories . seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The

1  request for "all" facts, adds a significant and unreasonable burden to the task of the
2  plaintiff party.

3      Moreover, the three pages of instructions and definitions, numbering 20,
4  that are required to be incorporated into every one of the seven interrogatories
5  both, creates an undue burden and is oppressive, and makes the interrogatories
6  number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,
7  so that all of the interrogatories are objectionable.

8      3. Compound.

9      2. State with particularity the method by which YOU quantified or
10  calculated the damages identified in response to Interrogatory No. 1.

11      OBJECTIONS:

12      1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that
13  "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of
14  service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof
15  of service . . . must be made by declaration of the person accomplishing the
16  service," 28 U.S.C. § 1746 that provides that declarations set forth that their
17  contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A
18  witness may testify to a matter only if evidence is introduced sufficient to support
19  a finding that the witness has personal knowledge of the matter [asserted]." Here,
20  the person who purports to have made service of the interrogatories has not shown
21  that she has personal knowledge of service of the interrogatories, and rather shows
22  only that she has knowledge of her placement in her law firm's internal mail
23  system, with respect to which placement she speculates that "In the ordinary
24  course of business, *correspondence* [placed 'for collection and mailing'] is
25  deposited with the United States Postal Service . . . ." (Emphasis added.) Thus,
26  what she declares is that when "correspondence" is put into the internal mail
27  system that it then is given to the Postal Service. Since the interrogatories were
28  required to be served and to have a proof of service, and since there is no valid

1  proof of service, the interrogatories are objectionable and must be stricken. That

2  defense counsel and their office are too lazy to actually mail materials required to

3  be served does not constitute a legitimate excuse for not properly mailing the

4  interrogatories.

5      2. The interrogatories are overly broad, unduly burdensome, and lack

6  proportionality.

7      Interrogatories can, depending upon how they are used, become unduly

8  burdensome and not proportional to the needs of the case, interrogatories are

9  overly broad and unduly burdensome when they require a party to state every fact

10  or all facts supporting responses, or when interrogatories ask for each and every

11  fact or application of law to fact. Pursuant to Rule 26, because the interrogatories .

12  seek "all facts" they are overly broad and unduly burdensome on their face, and an

13  interrogatory that seeks all of the facts supporting allegations is overCly broad and

14  unduly burdensome on its face. The burden here arises from the characteristic

15  common to these interrogatories for asking plaintiff to provide "all" facts. The

16  request for "all" facts, adds a significant and unreasonable burden to the task of the

17  plaintiff party.

18      Moreover, the three pages of instructions and definitions, numbering 20,

19  that are required to be incorporated into every one of the seven interrogatories

20  both, creates an undue burden and is oppressive, and makes the interrogatories

21  number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,

22  so that all of the interrogatories are objectionable.

23      3. Compound.

24      3. State all facts supporting any damages that YOU contend YOU have

25  suffered as a result of the conduct alleged in the COMPLAINT.

26  OBJECTIONS:

27      1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that

28  "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of

4

1    service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof

2    of service . . . must be made by declaration of the person accomplishing the

3    service," 28 U.S.C. § 1746 that provides that declarations set forth that their

4    contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A

5    witness may testify to a matter only if evidence is introduced sufficient to support

6    a finding that the witness has personal knowledge of the matter [asserted]." Here,

7    the person who purports to have made service of the interrogatories has not shown

8    that she has personal knowledge of service of the interrogatories, and rather shows

9    only that she has knowledge of her placement in her law firm's internal mail

10   system, with respect to which placement she speculates that "In the ordinary

11   course of business, *correspondence* [placed 'for collection and mailing'] is

12   deposited with the United States Postal Service . . . ." (Emphasis added.) Thus,

13   what she declares is that when "correspondence" is put into the internal mail

14   system that it then is given to the Postal Service. Since the interrogatories were

15   required to be served and to have a proof of service, and since there is no valid

16   proof of service, the interrogatories are objectionable and must be stricken. That

17   defense counsel and their office are too lazy to actually mail materials required to

18   be served does not constitute a legitimate excuse for not properly mailing the

19   interrogatories.

20        2. The interrogatories are overly broad, unduly burdensome, and lack

21   proportionality.

22        Interrogatories can, depending upon how they are used, become unduly

23   burdensome and not proportional to the needs of the case, interrogatories are

24   overly broad and unduly burdensome when they require a party to state every fact

25   or all facts supporting responses, or when interrogatories ask for each and every

26   fact or application of law to fact. Pursuant to Rule 26, because the interrogatories .

27   seek "all facts" they are overly broad and unduly burdensome on their face, and an

28   interrogatory that seeks all of the facts supporting allegations is overCly broad and

1  unduly burdensome on its face. The burden here arises from the characteristic
2  common to these interrogatories for asking plaintiff to provide "all" facts. The
3  request for "all" facts, adds a significant and unreasonable burden to the task of the
4  plaintiff party.

5      Moreover, the three pages of instructions and definitions, numbering 20,
6  that are required to be incorporated into every one of the seven interrogatories
7  both, creates an undue burden and is oppressive, and makes the interrogatories
8  number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,
9  so that all of the interrogatories are objectionable.

10     4. State all facts RELATING TO each piece of property YOU claim the
11 CITY destroyed for which YOU are seeking damages and the exact monetary
12 value of each item.

13 OBJECTIONS:

14     1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that
15 "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of
16 service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof
17 of service . . . must be made by declaration of the person accomplishing the
18 service," 28 U.S.C. § 1746 that provides that declarations set forth that their
19 contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A
20 witness may testify to a matter only if evidence is introduced sufficient to support
21 a finding that the witness has personal knowledge of the matter [asserted]." Here,
22 the person who purports to have made service of the interrogatories has not shown
23 that she has personal knowledge of service of the interrogatories, and rather shows
24 only that she has knowledge of her placement in her law firm's internal mail
25 system, with respect to which placement she speculates that "In the ordinary
26 course of business, *correspondence* [placed 'for collection and mailing'] is
27 deposited with the United States Postal Service . . . ." (Emphasis added.) Thus,
28 what she declares is that when "correspondence" is put into the internal mail

1    system that it then is given to the Postal Service. Since the interrogatories were
2    required to be served and to have a proof of service, and since there is no valid
3    proof of service, the interrogatories are objectionable and must be stricken. That
4    defense counsel and their office are too lazy to actually mail materials required to
5    be served does not constitute a legitimate excuse for not properly mailing the
6    interrogatories.

7        2. The interrogatories are overly broad, unduly burdensome, and lack
8    proportionality.

9        Interrogatories can, depending upon how they are used, become unduly
10   burdensome and not proportional to the needs of the case, interrogatories are
11   overly broad and unduly burdensome when they require a party to state every fact
12   or all facts supporting responses, or when interrogatories ask for each and every
13   fact or application of law to fact. Pursuant to Rule 26, because the interrogatories .
14   seek "all facts" they are overly broad and unduly burdensome on their face, and an
15   interrogatory that seeks all of the facts supporting allegations is overCly broad and
16   unduly burdensome on its face. The burden here arises from the characteristic
17   common to these interrogatories for asking plaintiff to provide "all" facts. The
18   request for "all" facts, adds a significant and unreasonable burden to the task of the
19   plaintiff party.

20       Moreover, the three pages of instructions and definitions, numbering 20,
21   that are required to be incorporated into every one of the seven interrogatories
22   both, creates an undue burden and is oppressive, and makes the interrogatories
23   number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,
24   so that all of the interrogatories are objectionable.

25       3. Compound.

26       4. Misstates the facts, as the City is not a party to this action.

27       5. State all facts RELATING TO YOUR allegations in paragraph 28 of the
28   COMPLAINT.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every

fact or application of law to fact. Pursuant to Rule 26, because the interrogatories . seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

6. State all facts RELATING TO YOUR allegations in paragraph 29 of the COMPLAINT.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is

1    deposited with the United States Postal Service . . . ." (Emphasis added.) Thus,

2    what she declares is that when "correspondence" is put into the internal mail

3    system that it then is given to the Postal Service. Since the interrogatories were

4    required to be served and to have a proof of service, and since there is no valid

5    proof of service, the interrogatories are objectionable and must be stricken. That

6    defense counsel and their office are too lazy to actually mail materials required to

7    be served does not constitute a legitimate excuse for not properly mailing the

8    interrogatories.

9    　　　2. The interrogatories are overly broad, unduly burdensome, and lack

10   proportionality.

11   　　　Interrogatories can, depending upon how they are used, become unduly

12   burdensome and not proportional to the needs of the case, interrogatories are

13   overly broad and unduly burdensome when they require a party to state every fact

14   or all facts supporting responses, or when interrogatories ask for each and every

15   fact or application of law to fact. Pursuant to Rule 26, because the interrogatories .

16   seek "all facts" they are overly broad and unduly burdensome on their face, and an

17   interrogatory that seeks all of the facts supporting allegations is overly broad and

18   unduly burdensome on its face. The burden here arises from the characteristic

19   common to these interrogatories for asking plaintiff to provide "all" facts. The

20   request for "all" facts, adds a significant and unreasonable burden to the task of the

21   plaintiff party.

22   　　　Moreover, the three pages of instructions and definitions, numbering 20,

23   that are required to be incorporated into every one of the seven interrogatories

24   both, creates an undue burden and is oppressive, and makes the interrogatories

25   number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,

26   so that all of the interrogatories are objectionable.

27   　　　7. State all facts RELATING TO YOUR allegations in paragraph 31 of the

28   COMPLAINT.

<u>OBJECTIONS:</u>

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every

1    fact or application of law to fact. Pursuant to Rule 26, because the interrogatories
2    seek "all facts" they are overly broad and unduly burdensome on their face, and an
3    interrogatory that seeks all of the facts supporting allegations is overly broad and
4    unduly burdensome on its face. The burden here arises from the characteristic
5    common to these interrogatories for asking plaintiff to provide "all" facts. The
6    request for "all" facts, adds a significant and unreasonable burden to the task of the
7    plaintiff party.

8        Moreover, the three pages of instructions and definitions, numbering 20,
9    that are required to be incorporated into every one of the seven interrogatories
10   both, creates an undue burden and is oppressive, and makes the interrogatories
11   number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,
12   so that all of the interrogatories are objectionable.

13       8. State all facts RELATING TO YOUR allegations in paragraph 32 of the
14   COMPLAINT.

15   OBJECTIONS:

16       1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that
17   "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of
18   service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof
19   of service . . . must be made by declaration of the person accomplishing the
20   service," 28 U.S.C. § 1746 that provides that declarations set forth that their
21   contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A
22   witness may testify to a matter only if evidence is introduced sufficient to support
23   a finding that the witness has personal knowledge of the matter [asserted]." Here,
24   the person who purports to have made service of the interrogatories has not shown
25   that she has personal knowledge of service of the interrogatories, and rather shows
26   only that she has knowledge of her placement in her law firm's internal mail
27   system, with respect to which placement she speculates that "In the ordinary
28   course of business, *correspondence* [placed 'for collection and mailing'] is

1   deposited with the United States Postal Service . . . ." (Emphasis added.) Thus,

2   what she declares is that when "correspondence" is put into the internal mail

3   system that it then is given to the Postal Service. Since the interrogatories were

4   required to be served and to have a proof of service, and since there is no valid

5   proof of service, the interrogatories are objectionable and must be stricken. That

6   defense counsel and their office are too lazy to actually mail materials required to

7   be served does not constitute a legitimate excuse for not properly mailing the

8   interrogatories.

9          2. The interrogatories are overly broad, unduly burdensome, and lack

10  proportionality.

11         Interrogatories can, depending upon how they are used, become unduly

12  burdensome and not proportional to the needs of the case, interrogatories are

13  overly broad and unduly burdensome when they require a party to state every fact

14  or all facts supporting responses, or when interrogatories ask for each and every

15  fact or application of law to fact. Pursuant to Rule 26, because the interrogatories .

16  seek "all facts" they are overly broad and unduly burdensome on their face, and an

17  interrogatory that seeks all of the facts supporting allegations is overly broad and

18  unduly burdensome on its face. The burden here arises from the characteristic

19  common to these interrogatories for asking plaintiff to provide "all" facts. The

20  request for "all" facts, adds a significant and unreasonable burden to the task of the

21  plaintiff party.

22         Moreover, the three pages of instructions and definitions, numbering 20,

23  that are required to be incorporated into every one of the seven interrogatories

24  both, creates an undue burden and is oppressive, and makes the interrogatories

25  number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,

26  so that all of the interrogatories are objectionable.

27         9. State all facts RELATING TO YOUR allegations in paragraph 39 of the

28  COMPLAINT.

13

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every

1  fact or application of law to fact. Pursuant to Rule 26, because the interrogatories .

2  seek "all facts" they are overly broad and unduly burdensome on their face, and an

3  interrogatory that seeks all of the facts supporting allegations is overly broad and

4  unduly burdensome on its face. The burden here arises from the characteristic

5  common to these interrogatories for asking plaintiff to provide "all" facts. The

6  request for "all" facts, adds a significant and unreasonable burden to the task of the

7  plaintiff party.

8      Moreover, the three pages of instructions and definitions, numbering 20,

9  that are required to be incorporated into every one of the seven interrogatories

10  both, creates an undue burden and is oppressive, and makes the interrogatories

11  number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,

12  so that all of the interrogatories are objectionable.

13      10. State all facts RELATING TO each of YOUR claims asserted in the

14  COMPLAINT.

15  OBJECTIONS:

16      1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that

17  "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of

18  service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof

19  of service . . . must be made by declaration of the person accomplishing the

20  service," 28 U.S.C. § 1746 that provides that declarations set forth that their

21  contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A

22  witness may testify to a matter only if evidence is introduced sufficient to support

23  a finding that the witness has personal knowledge of the matter [asserted]." Here,

24  the person who purports to have made service of the interrogatories has not shown

25  that she has personal knowledge of service of the interrogatories, and rather shows

26  only that she has knowledge of her placement in her law firm's internal mail

27  system, with respect to which placement she speculates that "In the ordinary

28  course of business, *correspondence* [placed 'for collection and mailing'] is

deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every fact or application of law to fact. Pursuant to Rule 26, because the interrogatories seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

10. State all facts RELATING TO each of YOUR claims asserted in the COMPLAINT.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every

1   fact or application of law to fact. Pursuant to Rule 26, because the interrogatories .
2   seek "all facts" they are overly broad and unduly burdensome on their face, and an
3   interrogatory that seeks all of the facts supporting allegations is overly broad and
4   unduly burdensome on its face. The burden here arises from the characteristic
5   common to these interrogatories for asking plaintiff to provide "all" facts. The
6   request for "all" facts, adds a significant and unreasonable burden to the task of the
7   plaintiff party.

8       Moreover, the three pages of instructions and definitions, numbering 20,
9   that are required to be incorporated into every one of the seven interrogatories
10  both, creates an undue burden and is oppressive, and makes the interrogatories
11  number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories,
12  so that all of the interrogatories are objectionable.

14          **YAGMAN + REICHMANN, LLP**

15      By: _Stephen Yagman_

16          **STEPHEN YAGMAN**

**CERTIFICATE OF SERVICE**

On Sept. 25, 2024, I served all defendants in this action with the foregoing interrogatory responses by mailing via USPS to their counsel, Emerson Kim, at Room 675, 200 N. Main St., L.A., CA 90012 , and I declare this to be true under penalty of perjury, at Venice Beach, CA.

*Stephen Yagman*

**STEPHEN YAGMAN**