# EXHIBIT 2

STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

RECEIVED
OCT 01 2024
BUSINESS AND COMPLEX LIT
CITY ATTORNEY'S OFFICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY, etc., <br><br> Plaintiff, <br><br> v. <br><br> ERIC MICHAEL GARCETTI, et al., <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) <br><br> **PLAINTIFF SERIN'S OBJECTIONS TO DEFENDANTS' INTERROGATORIES** |
|---|---|

1. Identify by type, amount, and category all damages YOU seek for the claims alleged in the COMPLAINT.

OBJECTION, GENERAL:

Propounders are without any standing or capacity to propound interrogatories.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the

1

service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every fact or application of law to fact. Pursuant to Rule 26, because the interrogatories seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The

request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

3. Compound.

2. State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid

proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every fact or application of law to fact. Pursuant to Rule 26, because the interrogatories . seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

3. Compound.

3. State all facts supporting any damages that YOU contend YOU have suffered as a result of the conduct alleged in the COMPLAINT.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of

service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

  2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

  Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every fact or application of law to fact. Pursuant to Rule 26, because the interrogatories . seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and

unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

    Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

    4. State all facts RELATING TO each piece of property YOU claim the CITY destroyed for which YOU are seeking damages and the exact monetary value of each item.

OBJECTIONS:

    1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail

system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every fact or application of law to fact. Pursuant to Rule 26, because the interrogatories . seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

3. Compound.

4. Misstates the facts, as the City is not a party to this action.

5. State all facts RELATING TO YOUR allegations in paragraph 30 of the COMPLAINT.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every

8

fact or application of law to fact. Pursuant to Rule 26, because the interrogatories seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

6. State all facts RELATING TO YOUR allegations in paragraph 35 of the COMPLAINT.

OBJECTIONS:

1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is

deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

    2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

    Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every fact or application of law to fact. Pursuant to Rule 26, because the interrogatories seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

    Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

    7. State all facts RELATING TO each of YOUR claims asserted in the COMPLAINT.

OBJECTIONS:

 1. The interrogatories are violative of L.R.s 5-3.1.1, which provides that "All documents served under this L.R. 5-3.1.1 must be accompanied by a proof of service in the form required by L.R. 5-3.1.2," 5-3.1.2, which provides that "Proof of service . . . must be made by declaration of the person accomplishing the service," 28 U.S.C. § 1746 that provides that declarations set forth that their contents are "true and correct," and Fed. R. Evid. Rule 602, that provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter [asserted]." Here, the person who purports to have made service of the interrogatories has not shown that she has personal knowledge of service of the interrogatories, and rather shows only that she has knowledge of her placement in her law firm's internal mail system, with respect to which placement she speculates that "In the ordinary course of business, *correspondence* [placed 'for collection and mailing'] is deposited with the United States Postal Service . . . ." (Emphasis added.) Thus, what she declares is that when "correspondence" is put into the internal mail system that it then is given to the Postal Service. Since the interrogatories were required to be served and to have a proof of service, and since there is no valid proof of service, the interrogatories are objectionable and must be stricken. That defense counsel and their office are too lazy to actually mail materials required to be served does not constitute a legitimate excuse for not properly mailing the interrogatories.

 2. The interrogatories are overly broad, unduly burdensome, and lack proportionality.

 Interrogatories can, depending upon how they are used, become unduly burdensome and not proportional to the needs of the case, interrogatories are overly broad and unduly burdensome when they require a party to state every fact or all facts supporting responses, or when interrogatories ask for each and every

11

fact or application of law to fact. Pursuant to Rule 26, because the interrogatories seek "all facts" they are overly broad and unduly burdensome on their face, and an interrogatory that seeks all of the facts supporting allegations is overCly broad and unduly burdensome on its face. The burden here arises from the characteristic common to these interrogatories for asking plaintiff to provide "all" facts. The request for "all" facts, adds a significant and unreasonable burden to the task of the plaintiff party.

Moreover, there are more than 20 claims in the operative complaint, so that this interrogatory seeking all facts relating to each of them increases the number of interrogatories impermissibly to over 25 interrogatories.

Moreover, the three pages of instructions and definitions, numbering 20, that are required to be incorporated into every one of the seven interrogatories both, creates an undue burden and is oppressive, and makes the interrogatories number 140 (7 X 20), which exceeds the permissible number of 25 interrogatories, so that all of the interrogatories are objectionable.

YAGMAN + REICHMANN, LLP

By: *[signature]*
STEPHEN YAGMAN

//
//
//
//
//
//

**CERTIFICATE OF SERVICE**

12

On Sept. 25, 2024, I served all defendants in this action with the foregoing interrogatory responses by mailing via USPS to their counsel, Emerson Kim, at Room 675, 200 N. Main St., L.A., CA 90012, and I declare this to be true under penalty of perjury, at Venice Beach, CA.

*/s/ Stephen Yagman*
_____
STEPHEN YAGMAN