STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY, *etc.*, <br><br> Plaintiff, <br><br> v. <br><br> ERIC MICHAEL GARCETTI, *et al.*, <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) <br> (and all consolidated actions) <br><br> **PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' SUMMARY JUDGMENT MOTION** <br><br> December 16, 2024 <br> 8:30 a.m. <br> Courtroom 10A <br><br> Judge David O. Carter |
|---|---|

1

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 3, 2024, plaintiff Eric Serin was located, and he has submitted his declaration. Doc. 399.

Pursuant to *Marshall v. Gates*, 44 F.3d 722 (9th Cir. 1995) (A motion for summary judgment may not be granted when papers are filed untimely, in violation of a local rule, but may not grant summary judgment for a filing that is untimely under the local rules). Serin's declaration properly was submitted untimely and its late submission may not be the basis to grant the summary judgment motion.

Plaintiffs on Nov. 26 faxed the attached letter to defense counsel, to which there was no response of any kind.

The search for plaintiff Jacobs continues. When he is located, as he will be, his signed declaration will be gotten and submitted.

Nothing in defendants' statement of uncontroverted facts addresses anything at all about plaintiff Finley's claims.

The facts alleged to be undisputed as to plaintiff Serin are not dispositive of any of his claims.

The facts alleged to be undisputed as to plaintiff Jacobs are not dispositive of any of his claims.

Respectfully submitted,

YAGMAN + REICHMANN, LLP

By: /s/ Stephen Yagman
STEPHEN YAGMAN

# CERTIFICATE OF COMPLIANCE
(L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 178 words, which complies with the word limit of L.R. 11-6.1.

YAGMAN + REICHMANN, LLP

By: /s/ Stephen Yagman
STEPHEN YAGMAN

**DECLARATION OF STEPHEN YAGMAN**

I, Stephen Yagman, declare the following to be true under the penalty of perjury at Venice Beach, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am one of the attorneys for the plaintiff in this action.

2. I incorporate herein by this reference all of the facts in the preceding memorandum, which I know to be correct from my personal knowledge, in order to render them admissible in evidence.

3. As of Sunday, Nov. 24, I was unable to locate either plaintiffs Eric Serin or David Jacobs. I last had spoken with both of them around Oct. 31. I shall continue to search the streets of Venice Beach for Mr. Jacobs, and I have left a message with Mr. Serin's mother, whom he regularly calls. I hope to locate both of them soon. Based on prior communications with Mr. Jacobs, I drafted the declaration attached hereto, based on what he told me, but when, on Sunday, Nov. 24, I went to the location at which his tent always had been located, in order to have him sign it, neither it nor he was there. I regularly shall go over there to look for him. He may be in custody, as the LAPD frequently takes him into custody, he gets held for a month or two, the charges then are dismissed, and he is released. In the four years that I have known Mr. Jacobs, he never voluntarily has moved his residence from the corner of Main and Westminster, and the only times he has not been there have been when the LAPD has moved him or arrested him, and it may be that he now is in LAPD custody, or in custody as a result of his arrest by LAPD. I went there again this morning, Dec. 4, 2024, and he still was not there.

I believe that he may have been put in City housing just before the rains came last week and will be discharged from it later this week.

4. I need declarations from both plaintiffs (I have one from plaintiff Finley) in order competently and effectively to respond to the summary judgment motion.

If this case had progressed more speedily, this problem would not exist, but as it has gone on for relatively a long time, it has become increasingly difficult to communicate with both plaintiffs who are transient, un-housed persons who don't have telephones. I am sure the court understands this.

    5. Attached hereto is my Nov. 26, 2024 letter to defense counsel, who has not responded to it.

    6. One more matter: plaintiff Finley remains in this case as a result of her May 2024 action, for the claims asserted therein, because that case was consolidated into this action.

_____
STEPHEN YAGMAN  12/04/24

LAW OFFICES

# YAGMAN + REICHMANN, LLP

333 WASHINGTON BOULEVARD
VENICE BEACH, CALIFORNIA 90292-5152
(310) 452-3200

November 26, 2024

Emerson Kim
Via fax (213)978-7011
        Re: <u>*Finley v. Garcetti*, 2:21-cv-06003-DOC(KESx)</u>

Dear Mr. Kim:

      On Nov. 15, 2024, you mailed a letter to plaintiffs, enclosing with it sheets of paper numbered CTY_002-051, some of them depicting one photographic image and others depicting multiple images. It would appear that this constitutes a delayed or supplemental Rule 26, Fed. R. Civ. P., disclosure, provided after the Oct. 30, 2024 fact discovery cutoff date. Did you intend it to be a Rule 26 disclosure?

      This letter is written to request that you voluntarily agree to provide to us, under penalty of perjury by persons who have first-hand knowledge of the information requested, identification of each image, including the following, identifying information:

1. What, specifically, is depicted in each image;
2. The date of each image;
3. The identity, by full name and job title, of the person who recorded the image;
4. Where, by street address, the image was made;
5. Where, by street address, the items depicted in each image were taken to;
6. Where, by street address, the items depicted in each image presently are;
7. As to each image that depicts a person's belongings, identification of that person;
8. As to each image that depicts a person's belongings, identification by name and job title of all persons, at every level, who authorized the removal of those belongings from that person;
9. As to each batch of belongings, the names and job titles of all persons who were present at the scene at the time the "comprehensive cleanup" occurred, on Oct. 21, 2021.
10. All reasons that the images were not previously provided to plaintiffs.

LAW OFFICES

## YAGMAN + REICHMANN, LLP

333 WASHINGTON BOULEVARD
VENICE BEACH, CALIFORNIA 90292-5152
(310) 452-3200

Would you please advise me via telephone message, no later than noon on Wed., Nov. 27, either that you will of will not provide all of this information, and will provide it no later than Mon., Dec. 2, absent which plaintiffs contemplate filing an *ex parte* application to compel the provision of the information.

Thank you for your anticipated courtesy and cooperation.

Very truly yours,

*[signature]*

STEPHEN YAGMAN

# Fax Call Report

**Model Name: HP OfficeJet Pro 9120e Series**

## Fax Header Information

XXXXXX  
6666666666  
Nov 26, 2024 10:19:36 AM

| Job | Date/Time | Type | Line | Identification Caller ID | Duration | Pages | Result | Color |
|---|---|---|---|---|---|---|---|---|
| 71 | Nov 26, 2024 6:18:25 PM | Send | Analog | 12139787011 | 01:10 | 2 | Success | No |