STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| **PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY**, *etc*., <br><br> Plaintiff, <br><br> v. <br><br> **ERIC MICHAEL GARCETTI**, *et al*., <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM, SETTING FORTH NEW, POST-BRIEFING AUTHORITY IN OPPOSITION TO SUMMARY JUDGMENT MOTION** <br><br> December 16, 2024 <br> 8:30 a.m. <br> Courtroom 10A <br><br> Judge David O. Carter |

Respectfully submitted,

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

As in *Coalition on Homelessness v. City and Cnty. of San Francisco*, here, too, " Plaintiffs also challenge [Los Angeles'] alleged summary seizure and destruction of homeless individuals' personal property and survival belongings without notice or opportunities to recover their property as violating the Fourth and Fourteenth Amendments . . . ." *Coalition on Homelessness v. City & Cnty. of San Francisco*, 2024 WL 4982989, *1 (N.D. Cal. Dec. 4, 2024) ("*Coalition*").

And, as in *Coalition*, plaintiffs' Fourth and Fourteenth Amendment claims survive the Eighth Amendment excessive fines claims thrown out as a result of the abominable *Grants Pass* decision, for the same reasons plaintiffs' claims in *Coalition* survive. *Grants Pass* did not invalidate any Eighth Amendment claims except the excessive fines claims.

Here, as in *Coalition*, plaintiffs pled claims for "violation of the Fourth Amendment's prohibition against unreasonable searches and seizures without probable cause, by all Plaintiffs; . . . ;  [and] 5) violation of the Fourth Amendment's prohibition against unreasonable searches and seizures based on destruction of property, by all Plaintiffs . . . ." *Ibid*.

"Claim 5 is a section 1983 claim for unreasonable search and seizure in violation of the Fourth Amendment." *Id.* at *16. "Claim 5 is for violation of the Fourth Amendment's prohibition against unreasonable searches and seizures based on destruction of property and Claim 7 alleges a violation of the Fourteenth Amendment's guarantee of procedural due process, including the deprivation of property without notice or an opportunity to be heard." *Ibid*. "[T]he court concludes that at this stage, it is plausible that Plaintiffs' alleged constitutional injuries under the Fourth and Fourteenth Amendments arose as a result of the City's custom and practice of seizing and destroying the property of homeless individuals notwithstanding the City's written policies that preclude this practice. *See Perryman*, 545 F. Supp. 3d at 801-02 (discussing that there is no

1 probability requirement at the pleading stage). Accordingly, the City's motion for
2 judgment on the pleadings is denied as to the *Monell* claims based on custom and
3 practice." *Id*. at *19.
4      For each and all of the reasons set forth in *Coalition*, which plaintiffs are
5 certain the court will read and analyze on its own, so that plaintiffs do not here
6 provide any exegesis, there is a legal basis for plaintiffs' Fourth Amendment
7 claims, plaintiffs' non-excessive-fines Eighth Amendment claims, and plaintiffs'
8 Fourteenth Amendment substantive and procedural due process claims.

                                      Respectfully submitted,
                         **YAGMAN + REICHMANN, LLP**

                  By: _____
                             **STEPHEN YAGMAN**

3