STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY, <br><br>Plaintiff, <br><br>v. <br><br>ERIC MICHAEL GARCETTI, *et al.*, <br><br>Defendants. | 2:21-cv-06003-DOC(KESx) (and all consolidated actions) <br><br>**PLAINTIFFS' SECOND, SUPPLEMENTAL RESPONSE TO DEFENDANTS' SUMMARY JUDGMENT MOTION** <br>(Feb. 3, 2025 order) <br><br>Judge David O. Carter |

  This response is both timely and within the 25-page limit imposed by the court, because it is filed by Feb. 15 and the first supplemental brief and the instant brief together are less than the allotted 25 pages in length.

//

1

## MEMORANDUM OF POINTS AND AUTHORITIES

1. At the hearing, on Feb. 3, 2025, the court provided both sides with the opportunity to file additional briefing, of up to 25 pages in length, by Feb. 15. The court also provided that the briefing was to be *simultaneous*, so that neither side would file anything in an attempt to rebut the other side's simultaneous brief. (The transcript will verify this.)

Yet, defense counsel now has violated the simultaneous condition of the court's order. Everything in defendants' additional briefing, Doc. 413, should be stricken by and not considered by the court. Plaintiffs have stricken in red what should be excluded.

2. Plaintiffs do not make any Eighth Amendment cruel and unusual claim.

3. Plaintiffs do allege an Eighth Amendment excessive fines claim, by virtue of the taking of their belongings constituting a fine, an excessive fine, since they were no adjudicated by any court to have committed any crime on which a fine could be imposed.

4. There is no basis for defendants' request, for the first time, and without a duly-noticed and properly-supported motion to modify the court's scheduling order and March 18, 2025 trial date, to modify the court's scheduling order and for a stay of this action pending defendants' long-delayed briefing (at defendants' request) of their appeal of this court's May 2024 order certifying this action as a declaratory relief/injunctive relief class action.

Respectfully submitted,

YAGMAN + REICHMANN, LLP

By: /s/ Stephen Yagman
STEPHEN YAGMAN

2

# CERTIFICATE OF COMPLIANCE
## (L.R. 11-6.2)

The undersigned, counsel of record for plaintiff(s) certifies that this brief contains 228 words, which complies with the word limit of L.R. 11-6.1.

YAGMAN + REICHMANN, LLP

By: /s/ Stephen Yagman
STEPHEN YAGMAN

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER Assistant City Attorney (SBN 229424)
EMERSON H. KIM, Deputy City Attorney (SBN 285142)
200 North Main Street, Room 675, City Hall East
Los Angeles, California 90012
Telephone No.: (213) 526-7336
Email: emerson.kim@lacity.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, E. SERIN, D. JACOBS, and C. FINLEY individually and as representatives of a class,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.<br><br>Defendants. | No. 2:21-cv-06003-DOC (KESx)<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>Action filed: July 26, 2021<br><br>**DEFENDANTS' ADDITIONAL BRIEFING PURSUANT TO ECF NO. 407**<br><br>Trial: March 18, 2025 |

Simultaneous

DEFENDANTS' ADDITIONAL BRIEFING PURSUANT TO ECF NO. 407

1 | Pursuant to the Court's Order (ECF No. 407), Defendants submit the following
2 | additional briefing in support of their Motion for Summary Judgment ("Motion").
3 | Defendants further incorporate all prior arguments raised and evidence submitted in
4 | connection with their Motion. (*See* ECF Nos. 394-396, 398, 402.)

### I. INTRODUCTION

6 | ~~Plaintiffs' supplemental declarations still fail to address the deficiencies existing~~
7 | ~~in their opposition papers. The scant, if not wholly absent, facts do not provide the~~
8 | ~~needed support for their action to proceed. Plaintiff Serin continues to remain silent on~~
9 | ~~when the alleged cleanup occurred, that his items did not pose a health hazard, or that~~
10 | ~~proper procedures, including notice and storage, were not followed. Plaintiff Jacobs~~
11 | ~~chose not to provide any facts as to the October 21, 2021 cleanup, opting to discuss~~
12 | ~~subsequent incidents which are the subjects of his complaints in two other pending~~
13 | ~~lawsuits. In other words, they do not establish the existence of an element essential to~~
14 | ~~proceed in this case. Their complete failure of proof necessarily renders all other facts~~
15 | ~~immaterial and entitles Defendants to judgment as a matter of law. And any doubt is~~
16 | ~~quashed by the evidence Defendants have submitted to this Court, which show that~~
17 | ~~Plaintiffs' constitutional rights were not violated. Thus, Defendants respectfully ask that~~
18 | ~~the Court enter judgment for them.~~

19 | Separately, if the case is not dismissed, Defendants believe the individual
20 | defendants should be dismissed, as Plaintiffs have not proffered a single shred of
21 | evidence suggesting any misconduct by these officers. Additionally, the Court should
22 | continue or vacate the March 18, 2025 trial date, as the issue of class certification is on
23 | appeal before the Ninth Circuit and should be determined before trial. *See People of the*
24 | *City of Los Angeles Who Are Un-housed, et al. v. City of Los Angeles, et al.*, No 24-5000
25 | (9th Cir. Filed Aug. 14, 2024), ECF No. 5.
26 | ///
27 | ///
28 | ///

## II. ARGUMENT

### A. ~~Plaintiffs' Untimely Declarations Still Fail to Identify a Genuine Issue of Material Fact or Otherwise Establish Any of the Elements for Their Claims.~~

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"; therefore, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322-323 (internal quotation marks omitted).

~~Even considering Plaintiffs' late-filed declarations,~~ Plaintiffs still fail to specify any disputes as to material facts or establish any of the elements of their remaining claims. Plaintiff Serin's declaration (ECF No. 399) still does not identify when the alleged cleanups occurred, that his items were not health hazards, or that proper procedures, including notice and storage, were not followed. Plaintiff Jacobs's declaration (ECF No. 403) does not include any facts pertaining to the October 21, 2021 cleanup that the instant action is premised upon. Instead, he discusses incidents in 2022 and 2024, which are the subject of his complaints in other pending lawsuits before this Court, specifically, 2:22-cv-08010 and 2:24-cv-09320. Simply put, the declarations do nothing to address the material deficiencies identified by Defendants in their Motion.

Ultimately, Plaintiffs fail to proffer proof concerning any of the necessary elements despite having adequate time for discovery and submitting two additional declarations. There can be no genuine issue as to any material fact, and Plaintiffs' lack of evidence necessarily renders all other facts immaterial. Defendants are entitled to a

1  judgment as a matter of law, as Plaintiffs still have not discharged their burden.

    **B.   If the Court Does Not Grant Defendants' Motion, the Remaining Individual Defendants Should be Dismissed and a Stay Should Be Issued.**

Whether as part of their opposition or the belated declarations, Plaintiffs proffer no evidence pertaining to the remaining individual defendants: LAPD officers Monique Contreras, Brian Cook, and Derek Jacobs. There are no facts supporting any unconstitutional actions taken by them to support any of Plaintiffs' claims; thus, these individuals should be dismissed from the action, leaving the City of Los Angeles as the appropriate defendant.

Moreover, the Court should vacate the trial and stay the action if it denies Defendants' Motion. On July 31, 2024, the Court granted Plaintiffs' motion seeking class certification (ECF NO. 365), which Defendants sought leave to challenge in the Ninth Circuit. On September 18, 2024, the Ninth Circuit granted Defendants' request. *People of the City of Los Angeles Who Are Un-housed, et al. v. City of Los Angeles, et al.*, No 24-5000 (9th Cir. Filed Aug. 14, 2024), ECF No. 5. The issue of class certification should be resolved before trial. *See Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZX), 2015 WL 4397175, at *3 (C.D. Cal. June 8, 2015)("Sirius XM is likely to suffer irreparable harm if the case is not stayed because it is probable that, in the absence of a stay, this case will proceed to trial and final judgment prior to the Ninth Circuit's consideration and disposition of Sirius XM's Rule 23(f) petition and appeal.").

    **C.   To Summarize Defendants' Prior Arguments Raised in the Underlying Motion, Plaintiffs Fail to Make a Showing Sufficient to Establish the Existence of Elements Essential to Their Case, and Defendants are Entitled to Judgment as a Matter of Law.**

Defendants reiterate their arguments submitted in the Motion. The evidence from videos, photographs, documents, and declarations that Defendants were able to obtain

through their own efforts show that no actions violating Plaintiffs' constitutional rights were taken. Defendants did not impose any fines whatsoever, and the Supreme Court's decision in *City of Grants Pass v. Johnson*, 603 U.S. 520 (2024), establishes that no cruel and unusual punishment claim exists here, as Plaintiffs were not criminally charged or convicted. Also, Defendants adhered to due process protections to the extent that any cleanups occurred.

### 1. Eighth Amendment Cruel and Unusual Punishment Claim

The Supreme Court recently affirmed that the Eighth Amendment's prohibition against cruel and unusual punishment applies only after criminal conviction. *Id.* at 542-43 ("The Cruel and Unusual Punishments Clause focuses on the question what 'method or kind of punishment' a government may impose after a criminal conviction, not on the question whether a government may criminalize particular behavior in the first place or how it may go about securing a conviction for that offense.")

Here, Plaintiffs do not allege a criminal conviction arising out of enforcement of either ordinance (because none exists). *See generally* TAMC. Thus, Plaintiffs' Eight Amendment Cruel and Unusual Punishment claim fails as a matter of law.

### 2. Eighth Amendment Excessive Fines Claim

"The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States*, 509 U.S. 602, 609 (1993). It prohibits punitive, as opposed to remedial, fines that are "grossly disproportional to the underlying offense." *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (citing *United States v. Bajakajian*, 524 U.S. 321, 336-37 (1998)).

Plaintiffs do not have a claim under the Excessive Fines Clause. They do not allege that any fine was imposed on them. *See generally* TAMC ¶¶ 120-124. Plaintiffs' belongings were not taken to be sold by the government pursuant to a forfeiture proceeding. And the City is permitted to clean its streets and sidewalks for health and safety reasons, not punishment for some offense. Furthermore, Defendants' permanent

Case 2:21-cv-06003-DOC-KES    Document 416    Filed 02/16/25    Page 10 of 11    Page ID #:4874
Case 2:21-cv-06003-DOC-KES    Document 413    Filed 02/15/25    Page 6 of 7    Page ID #:4850

signage and post-removal notices include information on where to retrieve *stored* items and a phone number for the unhoused to call and arrange a drop off. Had Plaintiffs desired to recover their items, they had 90 days to do so, but neither allege making any such effort. *See* TAMC ¶¶ 24-35. Thus, Plaintiffs cannot support their claims under the Eighth Amendment's Excessive Fines Clause, as there was no fine, forfeiture, or punishment.

### 3. Fourteenth Amendment Substantive and Procedural Due Process Claims

The Due Process Clause of the Fourteenth Amendment encompasses two types of protections: procedural fairness (procedural due process) and substantive rights (substantive due process). *See Zinermon v. Burch*, 494 U.S. 113, 125-28 (1990). To establish a procedural due process claim, there must be "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 (1984). Substantive due process forbids the government from depriving a person of life, liberty, or property in a way that "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (internal quotation marks and citation omitted).

Here, the risk of erroneous deprivation is little to nonexistent, adequate post-deprivation remedies were provided, and Plaintiffs were not deprived of life, liberty, or property in a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. With respect to Plaintiff Serin, he fails to proffer sufficient evidence that a cleanup even occurred. Defendants have no record of an SECZ cleanup occurring at 13044 Pacific Promenade in Playa Vista on October 21, 2021. (SUF Nos.

5
DEFENDANTS' ADDITIONAL BRIEFING PURSUANT TO ECF NO. 407

1-2.) Even accounting for his belatedly filed declaration, Plaintiff Serin still fails to provide specific facts supporting his allegations, such as when purported cleanups occurred, that his items were not health hazards, or that proper procedures, including notice and storage, were not followed. (*See* ECF No. 399.) As for Plaintiff Jacobs, the evidence establishes that he was aware of the regular cleanups, had multiple opportunities to move his belongings before the cleanup yet deliberately chose to move his items into the street, was given several opportunities to secure any medication or identification during the cleanup, and made no effort to retrieve his stored items after the cleanup. (*See* SUF Nos. 4, 7, 8, 10-12.) And his latest declaration fails to shed any further light, as does not discuss the incident in question. Thus, Plaintiffs fail to show that Defendants violated Plaintiffs' procedural and substantive due process rights.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion in its entirety and dismiss this action. If the Court does not dismiss the action, alternatively, Defendants request that the remaining individual defendants are dismissed and the action is stayed pending a ruling from the Ninth Circuit on the City's 23(f) appeal.

DATED: February 15, 2025            Respectfully submitted,

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
EMERSON H. KIM, Deputy City Attorney

By: */s/ Emerson H. Kim*
EMERSON H. KIM, Deputy City Attorney
Attorney for Defendants