STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net\
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| PEOPLE OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY C. FINLEY, <br><br> Plaintiff, <br><br> v. <br><br> ERIC MICHAEL GARCETTI, *et al*., <br><br> Defendants. | 2:21-cv-06003-DOC(KESx) (and all consolidated actions) <br><br> **PLAINTIFFS' THIRD, SUPPLEMENTAL RESPONSE TO DEFENDANTS' SUMMARY JUDGMENT MOTION** <br> (Feb. 3, 2025 order) <br><br> Judge David O. Carter |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants have filed another Supplemental Response on their summary judgment motion, Doc. 415, in which they contend, ***incorrectly***, that "Plaintiffs' counsel baselessly accuses defense counsel of violating the Court's order (ECF No. 407). Defense counsel prepared and filed their additional briefing (ECF No. 413) *without* reviewing Plaintiffs' briefing." Doc. 415, at 1:6-8 (emphasis in original). Defense counsel's own words show that defense counsel *did review*, and respond to, and comment upon, plaintiffs' brief, which appears at Doc. 412 (filed at about 8:15 p.m., on Feb. 14, 2025). This defeats the court' order that the briefing be "simultaneous." "Simultaneous" briefing is blind briefing.

The following excerpt from defendants' Doc. 413 shows that this contention of not responding to plaintiffs' submission is incorrect, because it acknowledges that defense counsel, in fact, considered plaintiffs' briefing, by commenting on it, as set forth in plaintiffs' first supplemental brief:

> "Plaintiffs' supplemental declarations still fail to address the deficiencies existing in their opposition papers. The scant, if not wholly absent, facts do not provide the needed support for their action to proceed. Plaintiff Serin continues to remain silent on when the alleged cleanup occurred, that his items did not pose a health hazard, or that proper procedures, including notice and storage, were not followed. Plaintiff Jacobs chose not to provide any facts as to the October 21, 2021 cleanup, opting to discuss subsequent incidents which are the subjects of his complaints in two other pending lawsuits. In other words, they do not establish the existence of an element essential to proceed in this case. Their complete failure of proof necessarily renders all other facts immaterial and entitles Defendants to judgment as a matter of law. And any doubt is quashed by the evidence Defendants have submitted to this Court, which show that Plaintiffs' constitutional rights were not violated. Thus, Defendants respectfully ask that the Court enter judgment for them. . . . Plaintiffs' Untimely Declarations Still Fail to Identify a Genuine Issue of Material Fact or Otherwise Establish Any of the Elements for Their Claims. . . . Even considering Plaintiffs' late-filed declarations,
> . . .
> **Plaintiffs' Untimely Declarations Still Fail to Identify a Genuine Issue of Material Fact or Otherwise Establish Any of the Elements for Their Claims**.
> . . .
> Even considering Plaintiffs' late filed declarations, Plaintiffs still fail to specify any disputes . . . .

Doc. 413 at 1:6-18 (red-lined by plaintiff in Doc. 416, to indicate what material plaintiff sought to be stricken and to what plaintiff referred, as evidence that defense counsel had responded to plaintiffs' first supplemental brief); Doc. 413, at 5:2-4 (redlined by plaintiffs); *id*. at 15 (redlined by plaintiffs).

      The supplemental declarations refer to the Feb. 14 Jacobs declaration, submitted with plaintiffs' first supplemental declaration, and the discussion of it, by defense counsel. Doc. 412.

*****

      Since defendants addressed with evidence only the Oct. 21, 2021 seizure of plaintiff Jacobs' property (which also is set forth in the video of that event), and set forth only what they contended to be uncontroverted facts as to ***that event, and no other seizures of plaintiffs' property***, plaintiffs did not need to rebut or controvert any other events, and they, therefore, did not do that -- because they were not put in issue by defendants in their summary judgment motion, or in their statement of uncontroverted facts; and, the Oct. 21, 2021 events are controverted by plaintiff Jacobs' Feb. 14, 2025 declaration.

      Respectfully submitted,
**YAGMAN + REICHMANN, LLP**

By: _____
     **STEPHEN YAGMAN**