1  HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
2  DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
3  KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
   GABRIEL S. DERMER Assistant City Attorney (SBN 229424)
4  EMERSON H. KIM, Deputy City Attorney (SBN 285142)
   200 North Main Street, Room 675, City Hall East
5  Los Angeles, California 90012
6  Telephone No.: (213) 526-7336
   Email: emerson.kim@lacity.org
7
8  Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, E. SERIN, D. JACOBS, and C. FINLEY individually and as representatives of a class,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.<br><br>Defendants. | No. 2:21-cv-06003-DOC (KESx)<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>Action filed: July 26, 2021<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pretrial Conference: March 3, 2025<br>Time: 8:30 a.m.<br>Dept.: 10A<br><br>Trial: March 18, 2025 |

.

Pursuant to the Court's Scheduling Order & Order Re: Pretrial and Trial Procedures (ECF No. 341), Local Rule 16-4, and the parties' February 3, 2025 informal stipulation continuing pretrial filing dates to accommodate the Court's order for further briefing (ECF No. 407), Defendants submit their Memorandum of Contentions of Fact and Law.

**A.   SUMMARY STATEMENT OF PLAINTIFFS' CLAIMS**

Plaintiffs assert two remaining claims: a violation of their constitutional rights under the Eighth and Fourteenth Amendments.[1]

Claim 1:   Defendants violated Plaintiffs Jacobs and Serin's rights under the Eighth Amendment's Excessive Fines Clause.

Claim 2:   Defendants violated Plaintiffs Jacobs and Serin's rights under the Fourteenth Amendment's Due Process Clause.

**B.   ELEMENTS REQUIRED TO ESTABLISH PLAINTIFFS' CLAIMS**

<u>Elements Required to Establish Plaintiffs' Claim for Violation of the Eighth Amendment's Excessive Fines Clause</u>

1. Plaintiffs were issued a fine, whether in cash or in kind, as punishment for some offense;
2. The fine was punitive and not purely remedial; and
3. The fine was grossly disproportional to the underlying offense, which is determined by weighing four factors:
   a) The nature and extent of the underlying offense;
   b) Whether the underlying offense related to other illegal activities;

---

[1] Plaintiffs' Fourth Amendment claim was dismissed with prejudice by the Court. (ECF No. 333 at 8:22-24 ("Here, amendment would be futile, as Plaintiffs have repeatedly failed to cure their Fourth Amendment claim despite guidance from the Court. For these reasons, the Court DENIES Plaintiffs leave to amend.").)

Moreover, per Plaintiffs' Supplemental Response to Defendants' Summary Judgment Motion, Plaintiffs confirm that they are no longer asserting an Eighth Amendment Cruel and Unusual Punishment claim. (ECF No. 412 at 4:8-10 ("[P]laintiffs' claims are not based on the cruel and unusual punishment clause, as clearly they could not be, because that clause applies only to persons who first have been convicted of crimes.").)

  c) Whether other penalties may be imposed for the offense; and

  d) The extent of the harm caused by the offense.

See *Pimentel v. City of Los Angeles*, 115 F.4th 1062, 1067 (9th Cir. 2024); *Austin v. United States,* 509 U.S. 602, 609-10 (1993); *U.S. v. Bajakajian*, 524 U.S. 321, 336-37 (1998).

<u>Elements Required to Establish Plaintiffs' Claim for Violation of the Fourteenth Amendment's Due Process Clause</u>

*Procedural Due Process*

1. Plaintiffs were deprived of a constitutionally protected liberty or property interest;
2. Plaintiffs were denied adequate procedural protections, where three factors are considered:
   a) The private interest that will be affected by the official action;
   b) The risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and
   c) The government's interest, including the fiscal and administrative burdens that additional or substitute procedural requirements would entail; and
3. Plaintiffs did not have a meaningful post-deprivation remedy for the loss available to them.

See *Brewster v. Bd. of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998); *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1025 (2012); *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976); *Hudson v. Palmer*, 468 U.S. 517, 533, 104 (1984).

*Substantive Due Process*

1. Plaintiffs were deprived of a constitutionally protected life, liberty, or property interest; and
2. The alleged conduct amounts to abusive government conduct—or that

which shocks the conscience.

See *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008); *Davidson v. Cannon*, 474 U.S. 344 (1986) (citing *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986)); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)

## C. DEFENDANTS' BRIEF DESCRIPTION OF KEY EVIDENCE IN OPPOSITION TO EACH OF THE CLAIMS

*Eighth Amendment Excessive Fines Clause Claim*

- Plaintiffs did not receive any citations or fines in connection with the alleged cleanups. SUF Nos. 1, 2, 14
- Unlike a forfeiture, any belongings that were actually taken by Defendants were stored for Plaintiffs' retrieval, not sold. Such belongings could have been retrieved by calling the telephone number noted in the post-removal notice. SUF No. 12.

*Fourteenth Amendment Due Process Claim*

- For Plaintiff Serin, no SECZ cleanup occurred at 13044 Pacific Promenade in Playa Vista on October 21, 2021. SUF Nos. 1-2.
- For Plaintiff Jacobs, he admits in his pleadings and on video that he knows cleanups occur every Thursday on Main St. between Clubhouse Ave. and Westminster Ave. in front of the Westminster Avenue Elementary School, where he resides. Moreover, permanent signage noticing the same exists at that location. TAMC ¶ 27; SUF Nos. 3-4.
- Plaintiff Jacobs intentionally moved his items into the street despite being told by the ECI multiple times that his items would be cleared. SUF No. 7.
- Per LAMC § 56.11 protocol, Plaintiff Jacobs was given at least 15 minutes to gather his belongings and exit the area prior to the cleanup commenced. SUF No. 8.
- Even after the cleanup had commenced, Plaintiff Jacobs was given multiple opportunities to identify sensitive items, such as medication and

      identification, so that they could be retrieved. He did not accept the offers of help. SUF No. 10.

- The ECI found no credit cards, cash, or any forms of identification during the cleanup. SUF No. 11.
- After the cleanup was completed, the ECI posted a post-removal notice of how these items could be retrieved, which included a phone number to call. This is the same number posted on the permanent signage. SUF Nos. 4, 12.
- Plaintiffs do not contend that they ever attempted to retrieve their belongings.

**D. SUMMARY STATEMENT OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Defendants do not have any counterclaims or affirmative defenses applicable to Plaintiffs' claims under the Eighth and Fourteenth Amendment.

**E. ELEMENTS REQUIRED TO ESTABLISH DEFENDANTS' AFFIRMATIVE DEFENSES**

Not applicable.

**F. DEFENDANTS' BRIEF DESCRIPTION OF KEY EVIDENCE IN SUPPORT OF EACH AFFIRMATIVE DEFENSE**

Not applicable.

**G. SIMILAR STATEMENTS FOR ALL THIRD PARTIES**

Not applicable.

**H. IDENTIFICATION OF ANY ANTICIPATED EVIDENTIARY ISSUES**

None by Defendants. The evidence produced by Defendants in this lawsuit is authentic and admissible.

**I. IDENTIFICATION OF ANY ISSUES OF LAW**

None by Defendants. The law here concerns well-established constitutional rights, which support Defendants' position that no such violation occurred here.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 26, 2025 | Respectfully submitted, |
| 3 | | |
| 4 | | HYDEE FELDSTEIN SOTO, City Attorney |
| | | DENISE C. MILLS, Chief Deputy City Attorney |
| 5 | | KATHLEEN KENEALY, Chief Assistant City Attorney |
| 6 | | GABRIEL S. DERMER, Assistant City Attorney |
| 7 | | EMERSON H. KIM, Deputy City Attorney |
| 8 | | By: */s/ Emerson H. Kim* |
| 9 | | EMERSON H. KIM, Deputy City Attorney |
| | | Attorney for Defendants |